UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NARCOOSSEE ACQUISITIONS, LLC,

      Plaintiff,

v.                              Case No.  6:14-cv-203-Orl-41TBS

KOHL'S DEPARTMENT STORES, INC.,

      Defendant.

_____/

## ORDER

Pending before the Court are the Motion of Ross Stores, Inc., to Quash and/or Modify a Subpoena and for Protective Order (Doc. 42), and the Objection of Ross Stores, Inc., to Subpoena Duces Tecum Served July 25, 2014 (Doc. 43).  The time for filing responses in opposition to the motion and objection has expired and none have been filed.

Narcoossee Acquisitions, LLC desires to lease space in the Vista Palms Shopping Center to Ross Stores, Inc. (Doc. 30, ¶¶ 7-13).  Existing tenant Kohl's Department Stores, Inc., objects on the ground that the lease of space to Ross would violate the Amended and Restated Declaration of Covenants, Conditions and Restrictions for Vista Palms Commercial Property Owners Association, Inc.  (Doc. 30-5).  Narcoossee brings this action for a declaratory judgment that it is not prohibited from entering into a lease with Ross; that Kohl's has breached the declaration by improperly withholding its consent to the Ross lease; that Kohl's tortiously interfered with Narcoossee's advantageous business relationship with Ross; and for an

injunction prohibiting Kohl's from withholding its approval of the Ross lease.  (Doc. 30).

Ross' corporate headquarters is in Dublin, California.  It does not maintain a business office in the state of Florida.  (Doc. 42 at 23).  On June 25, 2014, the attorney for Kohl's caused a subpoena duces tecum issued out of the Northern District of California to be served on Ross.  (Id., at 17-24).  The subpoena commands Ross to produce: (1) all of its communications with Narcoossee; (2) all lease agreements between Ross and Narcoossee; (3) all drafts of lease agreements between Ross and Narcoossee; (4) all site plans and elevations for the construction of a Ross store in the shopping center; and (5) all communications between Ross and any other tenant in the shopping center regarding the construction of a Ross store.  (Id., at 22).  Ross objects to the subpoena, is asking the Court to quash and/or modify it, and seeks a protective order pursuant to FED.R.CIV.P. 26(c).  (Docs. 42-43).

Under the 2013 amendments to Federal Rule of Civil Procedure 45, the district court with jurisdiction to enforce and to quash subpoenas is the "court for the district where compliance is required," which may or may not be the court that issued the subpoena.  FED.R.CIV.P. 45(d)(1), (d)(3), (g).  The subpoena requires Ross to mail the documents to Kohl's attorney's office, which is located in the Middle District of Florida. (Doc. 42 at 17).  Because compliance is required in the Middle District of Florida, this Court has jurisdiction to enforce or quash the subpoena.  See Ace Hardware Corp. v. Celebration Ace Hardware, LLC, Misc 09-109-SLR, 2009 WL 3242561 (D. Del. 2009) (parenthetical).

person

The subpoena is both procedurally and substantively defective.  Procedurally, it is defective because it violates Federal Rule of Civil Procedure 45(a)(2), which provides that subpoenas "must issue from the court where the action is pending." Because the Kohl's subpoena was issued from the wrong court, it is not enforceable. Tracfone Wireless, Inc. v. Riedeman, No. 6:06-cv-1257-Or1-18JGG, 2007 WL 191651, at *2 (M.D.Fla. Jan. 23, 2007) (subpoena "procedurally deficient" and unenforceable when issued from the wrong district).

To issue a subpoena on behalf of a court, as Kohl's attorney did here, the attorney who signs the subpoena must be authorized to practice in the issuing court. FED.R.CIV.P. 45(a)(3).  Ross alleges, and Kohl's has not disputed, that the attorney who issued and signed the subpoena is not admitted to practice in the Northern District of California.  Consequently, Kohl's lawyer did not have authority to issue the subpoena from that court.

Although Ross does not raise this in its motion, Kohl's attorney included in the subpoena the text of the old Rule 45(c) and (d), rather than the current Rule 45(d) and (e).  See FED.R.CIV.P. 45(a)(1)(A)(iv).  The Court notes that the blank subpoenas provided on its website and that of the Northern District of California include the current text of the rule.  See United States District Court for the Middle District of Florida, Forms, Policies, & Publications, https://www.flmd.uscourts.gov/forms/forms_policies.htm (visited August 27, 2014); United States District Court for the Northern District of California, Civil Forms, http://www.cand.uscourts.gov/civilforms (visited August 27, 2014).

Substantively, the subpoena violates Rule 45(d)(1), which requires the attorney responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing an undue burden or expense on the person subject to the subpoena.  In determining whether a subpoena imposes undue burden or expense on a nonparty, courts must balance the requesting party's interests in disclosure against the burden of disclosure on the nonparty.  9A Wright & Miller, Federal Practice & Procedure § 2463.1 (3d ed.).  If a subpoena subjects a person to undue burden, the Court must quash or modify it.  FED.R.CIV.P. 45(d)(3)(A)(iv).

The subpoena directs that "If a document responsive to a Request has been destroyed, it should be identified as follows: (i) preparer and addressor; (ii) addressee; (iii) each recipient and each person to whom distributed or shown; (iv) date prepared; (v) date transmitted; (vi) date received; (vii) description of contents and subject matter; (viii) date of destruction; (ix) manner of destruction; (x) name, title and address of the person who directed that the document be destroyed  and the person who destroyed the document; (xi) the reason for the document's destruction; (xii) the names of persons having knowledge of the destruction; and (xiii) a full description of the efforts made to locate the document."  (Doc 42 at 21).  In commanding Ross, a non-party, to provide this amount of information concerning any responsive documents that may have been destroyed, Kohl's has attempted to impose an undue burden and expense on Ross.

The subpoena states that it is continuing in nature so that if, after Ross responds, it obtains or becomes aware of any further responsive documents, then

-4-

Ross is required to produce them.  Rule 26(e) does not apply to non-parties.

Therefore, this part of the subpoena attempts to impose an undue burden and

expense on Ross in violation of Rule 45(d)(1).

Ross argues, and Kohl's has not disputed, that Kohl's can obtain copies of

Ross' communications with Narcoossee from Narcoossee.  While the availability of

the requested information from Narcoossee does not foreclose Kohl's from seeking

the same information from Ross, it suggests that Kohl's could have crafted its

requests more judiciously and with a greater sensitivity to the burden it was imposing

on Ross.

Ross objects that compliance with the subpoena will require it to disclose

information concerning the rent it is willing to pay, the terms under which it is willing to

be a tenant, and other deal terms, all of which it argues is confidential commercial

information and trade secrets.  See FED.R.CIV.P. 45(d)(3)(B)(i) (court may quash or

modify subpoena that seeks disclosure of trade secret or other confidential

information).  Ross also objects that its internal evaluation and analysis of a lease with

Narcoossee may contain attorney-client privileged information.  See FED.R.CIV.P.

45(d)(3)(A)(iii) (court must quash or modify subpoena that seeks disclosure of

privileged communications).  When Narcoossee filed this lawsuit, it attached a copy of

its ground lease with Kohl's to its complaint.  Kohl's filed a motion to seal the ground

lease on the grounds that it "contains confidential business information about rent

prices, construction and operational details, insurance requirements, use restrictions,

and other business terms that are specific to the transaction between Kohl's and

Plaintiff.  This information would reveal how Kohl's structures its store leases and Kohl's would be harmed competitively if this information were disclosed to its competitors and other potential landlords." (Doc. 4 at 1).  The Court granted the motion to seal.  (Doc. 11).  For the reasons argued by Kohl's in its motion to seal, the Court finds that the subpoena seeks disclosure of confidential and possibly privileged information which should not be disclosed in the absence of a confidentiality agreement satisfactory to Ross and the parties.

Ordinarily, modifying a subpoena is preferable to quashing it.  However, Kohl's disregard for Rule 45 and its failure to respond to any of Ross' arguments justifies quashing the subpoena in this case.  Accordingly, Ross' objection to the subpoena is SUSTAINED and its motion to quash is GRANTED.  The subpoena which Kohl's caused to be served on Ross is QUASHED.  The motion for protective order is DENIED as moot.

Before Ross filed its motion and objections, its lawyer attempted to resolve these issues with Kohl's lawyer.  Counsel represents that he conferred with the lawyer for Kohl's and asked why the information was being sought via the subpoena.  Kohl's lawyer responded that he issued the subpoena "because I can." Kohl's does not dispute this assertion.  Local Rule 3.01(g) imposes a duty on counsel to meet and confer in good faith before a motion to quash and for a protective order is filed.  Given the obvious problems with the subpoena, the Court finds that after counsel conferred the subpoena should have been withdrawn.  Instead, Kohl's objected to the relief Ross is seeking, and then chose not to file a response to Ross' objection and motion.

-6-

These actions lead the Court to conclude that Kohl's has not acted in good faith. Kohl's position is not substantially justified, and no other circumstances make an award of fees and expenses unjust.  Accordingly, pursuant to Rules 26(c)(3), 37(a)(5), and 45(d)(1) of the Federal Rules of Civil Procedure, the Court finds that Ross is entitled to recover its reasonable attorney's fees and costs incurred in defending against the subpoena from Kohl's.  Within 14 days from the rendition of this Order, Ross shall file the appropriate papers to establish the amount of fees and costs it is claiming.  Kohl's will then have 14 days to respond.

DONE AND ORDERED in Orlando, Florida, on August 28, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel